IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YASSER RIVERA, 36918-180, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-1426-H |
| | ) | ECF |
| WARDEN DAN JOSLIN, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

    This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  Factual Background**

    Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2241. Petitioner is an inmate in the federal prison system. Respondent is Warden Dan Joslin.

    On August 19, 2003, Petitioner was found guilty of various drug offenses in the United States District Court, Western District of Texas, Del Rio Division. *United States v. Rivera*, No. 2:03-CR-299. Petitioner was sentenced to 188 months confinement and five years supervised release. On August 27, 2003, Petitioner filed a notice of appeal. That appeal was pending in the Fifth Circuit Court of Appeals at the time Petitioner filed this petition. On August 17, 2005, the Fifth Circuit affirmed Petitioner's conviction. *Rivera v. United States*, No. 03-50972 (5th Cir.

Aug. 17, 2005)

On July 15, 2005, Petitioner filed this petition for habeas relief pursuant to 28 U.S.C. § 2241. Petitioner argues that the Sentencing Reform Act has been repealed and that the repeal rendered the trial court without jurisdiction to enter judgment against him.

## II.  Discussion

Title 28 U.S.C. § 2241 is typically used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Title 28 U.S.C. § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241, however, may be used by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the requirements of the § 2255 "savings clause."   The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (2001) (emphasis added).

The petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting *Pack v. Ysuff,* 218 F.3d 448, 452 (5th Cir. 2000)). The Fifth Circuit has stated, "§ 2241 is not a mere substitute for § 2255 and [ ] the inadequacy or inefficacy requirement is stringent." *Reyes-Requena*, 243 F.3d at 901; *see also, Pack*, 218 F.3d at 453 ("[M]erely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255

remedy.").

Petitioner argues that the § 2255 remedy is inadequate or ineffective because his appeal is still pending, and he therefore is unable to file a § 2255 motion at this time.[1] The fact that a § 2255 motion is premature, however, does not make the § 2255 remedy inadequate or ineffective. *See United States v. Pirro*, 104 F.3d 297, 298-300 (5th Cir. 1997) (finding pendency of direct appeal does not render § 2255 inadequate or ineffective); *Risby v. Wendt*, No. 3:04-CV-291-R, 2004 WL 828067 (N.D. Tex. April 15, 2004) (same). Therefore, although Petitioner's conviction is not yet final, he has not shown that the remedy under § 2255 is inadequate or ineffective.

Additionally, to the extent that Petitioner is relying on the United States Supreme Court's decision in *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005), the Fifth Circuit makes clear that to fall under the savings clause, the decision that the petitioner is relying on "must be retroactively applicable on collateral review." *Reyes-Requena*, 243 F.3d at 904 (citing *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)). Petitioner, however, has not shown that *Booker* is retroactively applicable on collateral review. *See In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (per curiam) (finding *Booker* is not retroactively applicable in a successive § 2255 petition).

Petitioner has not shown that his claims are (I) based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should

---

[1] Although the Fifth Circuit affirmed Petitioner's conviction on August 17, 2005, Petitioner has until November 15, 2005, to file a petition for writ of certiorari with the United States Supreme Court. *See* Sup. Ct. R. 13.

have been raised in the petitioner's trial, appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904. His petition under 28 U.S.C. § 2241 should be dismissed.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition under 28 U.S.C. § 2241 be dismissed.

Signed November 16, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**      Page 5